**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| **ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC,** *an Indiana Limited Liability Company d/b/a PepperBall Technologies*,            **Plaintiff,**        **vs.**        **REAL ACTION PAINTBALL, INC,** *a California Corporation*, **APON INDUSTRIES CORP.,** *a California Corporation*, **APON INTERNATIONAL GROUP, Inc,** *a California Corporation*, **K.T. TRAN,** *individually*, **CONRAD SUN,** *individually*, **and JOHN DOES 1-5,**            **Defendants.** | ) ) ) ) ) ) ) ) )    **Cause No.  1:12-CV-296** ) ) ) ) ) ) ) ) ) ) ) |

**<u>OPINION AND ORDER</u>**

This action, brought under the Lanham Act, 15 U.S.C. § 1111 *et seq.*, is before the Court on Plaintiff Advanced Tactical Ordnance Systems, LLC's Motion to Allow Discovery Prior to the Fed. R. Civ. P. 26(f) Conference.  (Docket # 15.)  Specifically, Plaintiff asks the Court for an order compelling Defendant Real Action Paintball, Inc. ("RAP4") to send to Plaintiff samples of the allegedly trademark infringing products—at least 500 of each—prior to the Rule 26(f) conference, and in fact, immediately.

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  FED. R. CIV. P. 26(f).  The Court, however, may order otherwise.  *Id.*  "[A] party seeking expedited discovery in advance of Rule 26(f) conference has the burden of showing good cause for the requested

departure from usual discovery procedures." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *accord Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011) ("Many courts require a party seeking discovery outside the normal timeframes to establish good cause for expediting discovery."); *see also Alternative Energy Solutions, Ltd. v. Chico*, No. 2:11 cv 267, 2011 WL 3880439, at *1 (N.D. Ind. Sept. 2, 2011) ("A party seeking leave to conduct an expedited deposition has the burden of justifying this request."). Along with good cause, the party seeking leave to conduct expedited discovery must also show the *necessity* of such discovery. *See Merrill Lynch, Pierce, Fenner, & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) (stating that courts should not grant leave for expedited discovery "without some showing of the necessity of the expedited discovery").

Here, Plaintiff contends that its requested expedited discovery—obtaining samples of the allegedly infringing products—is necessary so that it can test these products before the evidentiary hearing in this matter, which is currently set for September 20, 2012. Plaintiff further maintains that the large quantity requested—500 of each specified round—is needed to establish consistency in the testing. Considering the importance of this testing to Plaintiff's claims and the short time frame before the evidentiary hearing, this Court finds both good cause and need to allow discovery to be conducted prior to the Rule 26(f) conference. *See Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 419; *Merrill Lynch, Pierce, Fenner, & Smith*, 194 F.R.D. at 623.

Accordingly, this Court GRANTS Plaintiff's Motion to Allow Discovery Prior to the Fed. R. Civ. P. 26(f) Conference. (Docket # 15.) The Court further orders Defendant RAP4 to ship to Plaintiff within one day of the entry of this Order, five hundred (500) of each of the

following: Less Lethal Live Agent Rounds (RAP4 item # 015948); Max Payload Live Agent

Less Lethal Rounds (RAP4 item # 015946); and Inert Powder Balls (RAP4 item # 003726).

Defendant RAP4 shall ship the rounds to ATO at: 2713 Ferguson Road, Fort Wayne, IN 46809.

If RAP4 does not have 500 of each of these products, it is ordered to ship all available units.[1]

The shipping by RAP4 is to specify delivery on or by September 17, 2012.  Defendant RAP4

shall provide ATO's attorneys with the tracking information within one day of the entry of this

Order.  Plaintiff is ordered to disclose its testing protocol within one day of the entry of this

Order.  Testing will commence no sooner than September 19, 2012, to allow Defendant RAP4 to

have a representative present during it.

      SO ORDERED.

      Entered this 13th day of September, 2012.

            /S/ Roger B. Cosbey
            Roger B. Cosbey,
            United States Magistrate Judge

---

[1] If less than 500 units are shipped, an officer of RAP4 is to file an affidavit that affirms that all available units of that product have been shipped.