IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADVANCED TACTICAL ORDNANCE ) <br> SYSTEMS, LLC, *an Indiana Limited* ) <br> *Liability Company d/b/a PepperBall* ) <br> *Technologies*, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> REAL ACTION PAINTBALL, INC., *a* ) <br> *California Corporation*, APON INDUSTRIES ) <br> CORP., *a California Corporation*, APON ) <br> INTERNATIONAL GROUP, INC., *a* ) <br> *California Corporation*, K.T. TRAN, ) <br> *individually*, CONRAD SUN, *individually*, ) <br> and JOHN DOES 1-5, ) <br> ) <br> **Defendants.** ) | Cause No. 1:12-CV-296 |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Emergency Motion to Compel (Docket # 56), Defendant Conrad Sun, K.T. Tran, and Real Action Paintball, Inc.'s ("RAP4") Motion for Protective Order and to Stay Discovery (Docket # 66), and Defendant Sun, Tran, and RAP4's Motion to Compel (Docket # 69). A hearing was held on all of these motions on October 11, 2012. Argument was heard and concluded.

For the reasons stated on the record, Defendants' Motion for Protective Order and to Stay Discovery (Docket # 66) is GRANTED to the extent that it requests a stay of discovery, except that which relates to personal jurisdiction. As such, discovery is hereby limited to personal jurisdiction issues until the Court resolves the pending motion to dismiss for lack of personal jurisdiction.

1

Plaintiff's Emergency Motion to Compel (Docket # 56) is GRANTED IN PART and DENIED IN PART as outlined below.

The emergency motion is DENIED to the extent that it seeks to compel Defendants RAP4 and Sun to respond to Plaintiff's First Requests for Production of Documents and Things previously directed to RAP4 and Sun (*see* Pl.'s Emergency Mot. to Compel Exs. C & D (Docket # 56-4, # 56-5)), as those requests are either duplicative of Plaintiff's Second Requests for Production of Documents directed toward RAP4 and Sun (and which are targeted to personal jurisdiction issues), contain issues not raised in the emergency motion, or are not relevant to personal jurisdiction.

To the extent that the emergency motion addresses Requests # 2 and # 3 of Plaintiff's Second Request for Production of Documents and Things directed to RAP4 (*see* Pl.'s Emergency Mot. to Compel Ex. A (Docket # 56-2 at 4-5)), specifically Plaintiff's request for the email addresses that RAP4 sent its email solicitations or "blasts" to, this request is GRANTED, subject to the protective order, as email blasts targeted to the forum state can suffice, in some circumstances, to establish minimum contacts, *see Tamburo v. Dworkin*, 601 F.3d 693, 706 (7th Cir. 2010) (holding that allegations that defendants published false and defamatory statements about the plaintiff, either in their public websites or in *blast emails* encouraging readers to boycott the plaintiff's products and supplying the plaintiff's Illinois address, were sufficient to establish personal jurisdiction). As to Plaintiff's request for the invoices of RAP4's sale of products to and purchases from any person or entity located in Indiana, the Court has already ordered RAP4 to produce these invoices. (Docket # 67.)

Request # 4 of Plaintiff's Second Request for Production of Documents directed to RAP4

(*see* Pl.'s Emergency Mot. to Compel Ex. A (Docket # 56-2 at 6)) is DENIED because Plaintiff, in an overly broad request, essentially seeks RAP4's whole accounting system and, furthermore, failed to specifically raise this issue in the emergency motion.

As to Request # 5 of Plaintiff's Second Request for Production of Documents directed to RAP4 (*see* Pl.'s Emergency Mot. to Compel Ex. A (Docket # 56-2 at 6)), the Court has previously ordered the documents responsive to this request to be produced (Docket # 62), and RAP4's counsel indicated that RAP4 has produced all responsive documents.  Nonetheless, a representative of RAP4 is ordered to execute an affidavit (1) stating that after diligent search there are no documents responsive to Request # 5 in its possession, custody, or control, other than those previously produced; and (2) describing its efforts to locate documents responsive to Request # 5.  *Traveler v. CSX Transp., Inc.*, No. 1:06-CV-56, 2007 WL 433530, at *2 (N.D. Ind. Feb. 6, 2007) (citations omitted).

Request # 6 of Plaintiff's Second Request for Production of Documents directed to RAP4 (*see* Pl.'s Emergency Mot. to Compel Ex. A (Docket # 56-2 at 7)) remains denied (*see* Docket # 67).

Although RAP4 has produced documents responsive to Requests # 7 and # 8 of Plaintiff's Second Request for Production of Documents directed to RAP4 (*see* Pl.'s Emergency Mot. to Compel Ex. A (Docket # 56-2 at 7-8)) and RAP4's counsel indicates that all responsive documents have been produced, Plaintiff seeks an affidavit certifying that production is complete.  As such, a representative of RAP4 is ordered to execute an affidavit (1) stating that after diligent search there are no documents responsive to Requests # 7 and # 8 in its possession, custody, or control, other than those previously produced; and (2) describing its efforts to locate

documents responsive to Requests # 7 and # 8.  *Traveler*, 2007 WL 433530, at *2 (citations omitted).

Request # 11 of Plaintiff's Second Request for Production of Documents directed to RAP4 (*see* Pl.'s Emergency Mot. to Compel Ex. A (Docket # 56-2 at 9)), which seeks the telephone logs and billing records generated from August 31, 2010, to August 31, 2012, relating to any communications between RAP4 and any person or entity located in Indiana, is GRANTED as wire and mail communications, including telephone calls, with in-state residents "may establish minimum contacts when considered as part of a larger interstate commercial contract,"  *KnowledgeAZ, Inc. v. Jim Walter Res., Inc.*, 452 F. Supp. 2d 882, 897 (S.D. Ind. 2006).

The portions of Plaintiff's Emergency Motion to Compel relating to its Second Request of Production of Documents directed to Sun (*see* Pl.'s Emergency Mot. to Compel Ex. B (Docket # 56-3)), are DENIED in their entirety as irrelevant to the issue of personal jurisdiction.

Defendants' Motion to Compel (Docket # 69) is deemed MOOT in light of the Court's ruling that discovery is limited to personal jurisdiction issues.

The remaining documents responsive to the granted portions of Plaintiff's Emergency Motion to Compel are to be produced by noon (EST) on Monday, October 15, 2012.  The matter is set for a telephonic status conference on Wednesday, October 31, 2012, at 10:00 a.m. (EST).

SO ORDERED.

Enter for this 11th day of October, 2012.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge