IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC,** *an Indiana Limited Liability Company d/b/a PepperBall Technologies*, | )<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )    **Cause No.  1:12-CV-296** |
| | ) |
| **REAL ACTION PAINTBALL, INC.,** *a California Corporation*, **APON INDUSTRIES CORP.,** *a California Corporation*, **APON INTERNATIONAL GROUP, INC.,** *a California Corporation*, **K.T. TRAN,** *individually*, **CONRAD SUN,** *individually*, and **JOHN DOES 1-5,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| **Defendants.** | ) |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike an Erroneous Legal Conclusion from the Amended Complaint. (Docket # 86.) On October 31, 2012, a hearing was held on the motion. (Docket # 92.) Argument was heard and concluded.

Because the Court concluded that the statement in rhetorical paragraph 10 of the Amended Complaint (Docket # 76) ("Further there is no district in which all of the Defendants are subject to a district court's jurisdiction.") amounts to a legal conclusion, it therefore does not constitute a binding judicial admission. *See Eli Lilly & Co. v. Valeant Pharm. Int'l*, No. 1:08-cv-01720-TWP-TAB, 2011 WL 573761, at *3 (S.D. Ind. Feb. 15, 2011) ("Judicial admissions apply only to admission of fact, not to theories of law . . . ."); *Sulkoff v. United States*, No. IP 01-1341-C-T/L, 2003 WL 1903349, at *5 (S.D. Ind. Jan. 29, 2003) ("Factual admissions can be binding

1

as judicial admissions; admissions of legal conclusions cannot."); *Dabertin v. HCR Manor Care, Inc.*, 68 F. Supp. 2d 998, 1000 (N.D. Ill. 1999) ("Counsel's legal conclusions . . . are not binding as judicial admissions."). Accordingly, since the statement is not binding, and because no meaningful prejudice will result to any party if it is removed, the Court GRANTS Plaintiff leave to file another amended complaint *instanter* deleting the following sentence in paragraph 10: "Further there is no district in which all of the Defendants are subject to a district court's jurisdiction." Plaintiff's motion to strike this reference (Docket # 86) is therefore deemed MOOT.

    SO ORDERED.

    Enter for this 31st day of October, 2012.

                                              S/ Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge