IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, *an Indiana Limited Liability Company d/b/a PepperBall Technologies*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 1:12-CV-296 |
| REAL ACTION PAINTBALL, INC., *a California Corporation*, K.T. TRAN, *individually*, CONRAD SUN, *individually*, CONRAD SUN, LLC, TRACS PACIFIC CORP., TRACS PACIFIC HK, INC., and JOHN DOES 1-5, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Advanced Tactical Ordnance Systems, LLC's ("ATO") Third Motion to Compel Defendant Real Action Paintball, Inc. ("RAP4") to Respond to Plaintiff's Discovery Requests. (Docket # 160.) During a hearing on February 7, 2013, oral argument on this motion was heard and concluded. For the reasons stated on the record, the motion is **GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.**

As a general matter, ATO first argues that, because RAP4 submitted an untimely and inadequate privilege log, RAP4's claimed privileges should be deemed waived. As waiver is a serious and harsh sanction, however, the Court declines to find waiver at this juncture. *See Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 480-81 (N.D. Ind. 2009). But the privilege

1

log that RAP4 has submitted is nonetheless inadequate as it does not identify the persons named in the privilege log by title or set forth their affiliation with RAP4 or anybody else; the privilege log also fails to correlate each document listed in the log with the Request for Production that is responsive to it.  *See Miller v. City of Plymouth*, No. 2:09-CV-205-JVB-PRC, 2011 WL 1740154, at *4-5 (N.D. Ind. May 5, 2011).  As such, RAP4 is ORDERED to submit an amended privilege log on or before February 20, 2013, that cures these deficiencies.[1]  If an adequate privilege log is *not* served on ATO on or before February 20, 2013, the Court will deem the privilege WAIVED.[2]  *See Cunningham*, 255 F.R.D. at 481.

Moving onto ATO's specific objections, the Court GRANTS ATO's motion to compel as it relates to Request No. 3 of Plaintiff's Third Request for Production of Documents as the documents sought are relevant and production would not be unduly burdensome.

The motion is also GRANTED as to Request No. 4 of Plaintiff's Third Request for Production to the extent that RAP4 is ordered to produce all documents, data, and tangible things containing information about the availability of PepperBall projectiles from ATO.  RAP4 is further ordered (to the extent applicable) to execute an affidavit or declaration (1) stating that after diligent search there are no documents, data, or tangible things responsive to this request in its possession, custody, or control, other than those previously produced; and (2) describing, *with particularity*, its efforts to locate documents, data, or tangible things responsive to this request, including *who* conducted the search and who that person or persons consulted with to conduct

---

[1] The Court presumes that the privilege log lists *all* of the recipients of the purportedly privileged documents.  If it does not, this problem should also be remedied in the amended privilege log.

[2] If RAP4 does not file an adequate privilege log by the deadline, to the extent that any of these claims of privilege affect the Sun Defendants, their counsel will be given an opportunity to argue that the privilege should not be waived as to them.

that search to ensure the veracity of their statements. *Traveler v. CSX Transp., Inc.*, No. 1:06-CV-56, 2007 WL 433530, at *2 (N.D. Ind. Feb. 6, 2007) (citations omitted).

As to Request No. 7 of Plaintiff's Third Request for Production, the motion is DENIED as to this request, except that RAP4 is ORDERED to execute an affidavit or declaration (1) stating that after diligent search there are no documents, data, or tangible things responsive to this request in its possession, custody, or control, other than those previously produced; and (2) describing, *with particularity*, its efforts to locate documents, data, or tangible things responsive to this request, including *who* conducted the search and who that person or persons consulted with to conduct that search to ensure the veracity of their statements. *Traveler*, 2007 WL 433530, at *2.

The motion to compel is GRANTED as to Request No. 10 of Plaintiff's Third Request for Production, with RAP4 ORDERED to execute an affidavit or declaration (1) stating that after diligent search there are no documents responsive to this request in its possession, custody, or control, other than those previously produced; and (2) describing, *with particularity*, its efforts to locate documents responsive to this request, including *who* conducted the search and who that person or persons consulted with to conduct that search to ensure the veracity of their statements. *Traveler*, 2007 WL 433530, at *2.

The motion to compel is TAKEN UNDER ADVISEMENT as its relates to Interrogatory No. 2 of Plaintiff's First Set of Interrogatories, Request No. 11 of Plaintiff's Third Request for Production, and Request No. 1 of Plaintiff's Fourth Request for Production of Documents. With regard to Request No. 11 of Plaintiff's Third Request for Production, RAP4 is ORDERED to submit an affidavit or declaration setting forth what the OS Commerce database contains by

**February 15, 2013**.

Regarding Request No. 1 of the Third Request for Production, the Court GRANTS the motion to compel for this request, but limits it to all agreements related to RAP4's manufacturing, distributing, purchasing, or selling of irritant powder filled projectiles or their associated training rounds *for two years preceding the filing of the Complaint through the present*.  If the agreement is for the sale of projectiles *in* the two years preceding the filing of the Complaint, then RAP4 is ordered to produce that agreement regardless of when it acquired those projectiles.

The motion to compel is further GRANTED as to both Request No. 13 of Plaintiff's Third Request for Production, seeking all financial statements and other documents reflecting RAP4's revenues generated from the sale of its products during the two-year period preceding the filing of the Complaint to the present, and Request No. 5 of Plaintiff's Fourth Request for Production, seeking RAP4's tax returns for 2007 through 2012.  The documents sought in these requests are relevant to both damages as well as the harm RAP4 claims it will suffer from the entry of a preliminary injunction and are otherwise not intrusive.

ATO's attempt to compel RAP4 to produce all documents, data, and tangible things related to "Gamo" and RAP4 ending their business relationship in Request No. 8 of its Fourth Request for Production is DENIED because, as the parties concede, there is no "Gamo."

Similarly, ATO's motion to compel RAP4 to respond to Request No. 15 of its Fourth Request for Production, seeking the employment records that RAP4 filed with the state of California reflecting the number of employees it employed from the fourth quarter of 2011 through the end of 2012, is DENIED as, based on the current record, constituting a fishing

expedition.  *See Cent. States, Se., & Sw. Areas Pension Fund. v. Waste Mgmt. of Mich*., 674 F.3d 630, 637 (7th Cir. 2012) ("Discovery is not to be used as a fishing expedition." (citation omitted)).

The motion to compel RAP4 to respond to Interrogatory No. 3 of Plaintiff's First Set of Interrogatories is GRANTED, but limited to only the *lawsuits* alleging intellectual property infringement filed against RAP4 or KT Tran in the past seven years.  This information is relevant to ATO's attempt to prove that RAP4's alleged infringement in this case was willful.  *See Betram Music Co. v. P & C Enters., Inc.*, No. 09-CV-2253, 2011 WL 2633666, at *11 (C.D. Ill. July 5, 2011) (finding that the fact that defendants had been sued twice before for copyright infringement suggested that their infringement in the present case was willful).  As such, the motion to compel is also GRANTED as to Request No. 7 of Plaintiff's Fourth Request for Production—seeking all documents, data, and tangible things identified in response to Interrogatory No. 3 or related lawsuits against RAP4 for intellectual property infringement—but similarly limited to the lawsuits alleging intellectual property infringement filed against RAP4 or KT Tran in the past seven years.  *See id.*

ATO's motion to compel RAP4 to respond to Request No. 4 of its Fourth Request for Production is GRANTED, but reformed as follows: RAP4 is ordered to produce all communications between RAP4 and PepperBall Technologies and RAP4 and SWAT from January 1, 2011, through the present.

The motion to compel is also GRANTED as to Interrogatory No. 4 of Plaintiff's First Set of Interrogatories, Request No. 2 of Plaintiff's Third Request for Production, and Request No. 3 of Plaintiff's Fourth Request for Production.  As to Request No. 3 of the Fourth Request for

5

Production, this request should *not* be limited to just emails between RAP4 and SWAT responsive to this request.

In regards to Request No. 11 of Plaintiff's Fourth Request for Production, the motion to compel is GRANTED as to this request, but is limited to those entities to which RAP4 was *introduced by Conrad Sun*; something RAP4 would certainly know.

The motion to compel Request No. 12 of Plaintiff's Fourth Request for Production, which asks for all documents, data, and tangible things in RAP4's possession, custody, or control regarding returns of defective or damaged projectiles, is also GRANTED as to both irritant and non-irritant projectiles, but limited temporally to January 1, 2008, through the present. RAP4 has failed to demonstrate the burdensomeness of producing documents from this time period.

As to Requests No. 8 and 9 of Plaintiff's Third Request for Production, ATO's motion to compel is GRANTED as to both of these requests.[3] Likewise, the motion to compel is also GRANTED as to Request No. 14 of Plaintiff's Fourth Request for Production as RAP4 no longer objects to it.

The Court further orders, as a general matter, that from this point forward, when documents are produced, counsel are to identify the Bates numbers for the documents that respond to each request.

All documents and affidavits ordered produced pursuant to this Opinion and Order—except for the affidavit describing what the OS Commerce database contains, which is

---

[3] With regards to Jon Magin, who is referenced in both Request No. 9 of the Third Request for Production and Request No. 14 of the Fourth Request for Production, as ATO has argued that Magin is relevant for purposes of its case and discovery requests, it is effectively precluded from arguing (as it seemingly does) that Magin is irrelevant to the Defendants' case and discovery requests.

due on or before February 15, 2013—shall be produced and *received* on or before March 5, 2013.

SO ORDERED.

Enter for this 8th day of February, 2013.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge