IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, *an Indiana Limited Liability Company d/b/a PepperBall Technologies*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No.  1:12-CV-296 |
| REAL ACTION PAINTBALL, INC., *a California Corporation*, APON INDUSTRIES CORP., *a California Corporation*, APON INTERNATIONAL GROUP, INC., *a California Corporation*, K.T. TRAN, *individually*, CONRAD SUN, *individually*, and JOHN DOES 1-5, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Clarification Regarding this Court's Order Requiring Responses to Discovery Requests (Doc. 201) filed on February 11, 2013, requesting that the Court "clarify" its February 8, 2013, written Order instructing Plaintiff to disclose the names and addresses of any person or entity to whom a projectile filled with irritant powder was delivered or sold from January 9, 2012, through October 2012 in response to Interrogatory No. 3 of Defendant Real Action Paintball, Inc.'s ("RAP4") Third Set of Interrogatories. (Docket # 203.)

In a nutshell, Plaintiff wants the Court to amend its February 8th Order so that RAP4's motion to compel the disclosure of Plaintiff's customer information is denied, rather than granted. The motion for clarification is now fully briefed (Docket # 208, 213-14), and oral

argument on the motion was heard and concluded at a hearing on February 20, 2013 (Docket # 218).

Plaintiff's plea to protect the names and addresses of its customers who ordered or purchased irritant-filled projectiles is unpersuasive. To explain, Plaintiff is advancing a trademark infringement claim and thus is claiming that it has trade dress rights in its projectiles. Trade dress is protectable if it is either "inherently distinctive" or has a "secondary meaning." *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1151 (7th Cir. 1994). "Secondary meaning" can be established through "*direct consumer testimony*, *consumer surveys*, length and manner of use, amount and manner of advertising, volume of sales, place in the market and proof of intentional copying." *Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 393 (7th Cir. 1992) (emphasis added). Consequently, as RAP4 asserts, the names and addresses of Plaintiff's irritant-filled projectile customers is "reasonably calculated to lead to the discovery of admissible evidence," FED. R. CIV. P. 26(b)(1), in that RAP4 could contact these customers to obtain direct consumer testimony or surveys about the "secondary meaning" of Plaintiff's claimed trade dress.

Plaintiff argues that even if its customer information may lead to admissible evidence, RAP4's discovery request should be denied because the disclosure of its customer list would damage its business. But the parties have a stipulated Protective Order in place (Docket # 73); thus, the disclosure of Plaintiff's customer information would be subject to the terms of that Protective Order, which includes an "Attorney's Eyes Only" category of protection.

Plaintiff also states that it "highly doubts that RAP4 is going to engage in conducting an expensive survey of Plaintiff's customers." (Reply in Supp. of Pl.'s Mot. 6.) But Plaintiff's

2

speculation about RAP4's future implementation, or lack thereof, of its discovery plan is not a convincing objection.  To reiterate, the requested customer information is reasonably calculated to lead to the discovery of admissible evidence about Plaintiff's claim of trade dress infringement, and thus this information must be disclosed, subject to the terms of the Protective Order and specifically, the "Attorney's Eyes Only" category. *See generally Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, No. 3:09-cv-302, 2011 WL 611892, at *3 (N.D. Ind. Feb. 14, 2011) (concluding that defendant's concerns about disclosing its customer list to plaintiff could be addressed "short of denying discovery altogether" by means of a protective order limiting access to such information).

Accordingly, Plaintiff's motion for clarification (Docket # 203) is DENIED.  The Court's Order dated February 8, 2013 (Docket # 201), stands as written.[1]

SO ORDERED.

Enter for this 21st day of February, 2013.

        S/ Roger B. Cosbey
        Roger B. Cosbey,
        United States Magistrate Judge

---

[1] In any event, RAP4's motion to compel Plaintiff's response to Document Request No. 83 was also granted—both from the bench at the February 7th hearing (Docket # 198) and in this Court's February 8th written Order (Docket # 201)—without any provision for redaction.  Document Request No. 83 requires Plaintiff to disclose all purchase orders and invoices for orders and sales of irritant-filled projectiles after January 1, 2012, and, presumably, such orders and invoices would reflect Plaintiff's customers' names and addresses.  Consequently, Plaintiff's motion to "clarify its written order such that [it] conforms to what this Court stated from the bench" on February 7th does not even appear, at bottom, to afford Plaintiff the relief it ultimately seeks. (Pl.'s Mot. for Clarification 5.)