IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, *an Indiana Limited Liability Company d/b/a PepperBall Technologies*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 1:12-CV-296 |
| REAL ACTION PAINTBALL, INC., *a California Corporation*, K.T. TRAN, *individually*, CONRAD SUN, *individually*, CONRAD SUN, LLC, TRACS PACIFIC CORP., TRACS PACIFIC HK, INC., and JOHN DOES 1-5, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the remaining portions of Plaintiff Advanced Tactical Ordnance Systems, LLC's ("ATO") Third Motion to Compel Defendant Real Action Paintball, Inc. ("RAP4") to Respond to Plaintiff's Discovery Requests. (Docket # 160.) At a hearing held on February 7, 2013 (Docket # 198), and as memorialized in an Opinion and Order issued the following day (Docket # 200), the portions of the motion seeking to compel responses to Interrogatory No. 2 of Plaintiff's First Set of Interrogatories, Request No. 11 of Plaintiff's Third Request for Production of Documents, and Request No. 1 of Plaintiff's Fourth Request for Production of Documents were taken under advisement.

For the following reasons, the motion to compel will be GRANTED for Request No. 1 of the Fourth Request for Production, but DENIED AS MOOT for Interrogatory No. 2 and Request

No. 11 of the Third Request for Production.

## A. *Background*

Ultimately, the resolution of the outstanding portions of the instant motion turns on whether Request No. 1 of the Fourth Request for Production is granted. That requests seeks RAP4's OS Commerce database and a printout of the "server info" page under "tools" in OS Commerce.[1] (Docket # 160 at 11.) Interrogatory No. 2 asks RAP4 to identify the add-ons it currently has installed for OS Commerce. (Docket # 160 at 11.) At the February 7, 2013, hearing, ATO represented that if it received a static copy of RAP4's OS Commerce database and the program, then it would not need to know the add-ons installed, essentially making Interrogatory No. 2 moot. Likewise, as to Request No. 11 of the Third Request for Production, which seeks "[a]ll correspondence, e-mail communications, customer inquiries, invoices, orders and other documents relating to RAP4's sale of products" from August 31, 2010 through the present (Docket # 160 at 11), at the hearing, ATO's counsel focused on only the invoices and indicated that if he was given the OS Commerce database, then he could search for the invoices himself. In regards to this request, the Court ordered RAP4 to submit a declaration explaining what this database contains (Docket # 200 at 3-4), which it subsequently did in rather general terms (Docket # 207-1).

In this declaration, Defendant KT Tran, President of RAP4, states that RAP4's OS Commerce contains only *information* about each product ordered and sold, but not imaged copies of invoices or orders, that it does not allow a mass reprinting of invoices, and that the vast majority of the product information in its OS Commerce database is irrelevant to the irritant-

---

[1] According to counsel, OS Commerce is RAP4's web-based shopping cart.

2

filled projectile products at issue here. (Tran Decl. ¶¶ 5-6, 8-9.) Tran further represents that RAP4's OS Commerce database is "the heart of RAP4's business" and "its most important asset" as it operates all aspects of RAP4's business and has been customized to reflect its business processes, which Tran maintains are proprietary in nature and give it a significant competitive advantage. (Tran Decl. ¶ 10.) According to Tran, some of the business activities that the OS Commerce database implements are maintenance of RAP4's customer list, including all information about its customers; all orders for its products; its marketing programs and newsletters; its customer service/support ticket procedures; its implementation of customer vouchers; frequently asked questions; and information regarding its dealers and the special programs made available to them. (Tran Decl. ¶ 11.)

ATO filed a response to this declaration, contending that Tran does not state what these business processes are in even general terms and that much of what Tran represents is in the OS Commerce database has either already been ordered produced, is displayed on RAP4's website, or is not so sensitive or secreted that it warrants non-disclosure. (Docket # 211-1 at 4-6.)

## B. Applicable Law

Federal Rule of Civil Procedure 34 allows a party to serve a request to "inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." FED. R. CIV. P. 34(a)(1)(A). The advisory committee notes explain that "[t]he addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, *although such access might be*

*justified in some circumstances*" and caution courts to guard against undue intrusiveness resulting from such inspecting or testing. FED. R. CIV. P. 34 Advisory Committee Notes, 2006 Amendments (emphasis added).

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) further provides that the Court must limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii); *see Powers v. Thomas M. Cooley Law Sch.*, No. 5:05-CV-117, 2006 WL 2711512, at *5 (W.D. Mich. Sept. 21, 2006); *Jones v. Goord*, No. 95 CIV. 8026(GEL), 2002 WL 1007614, at *10 (S.D.N.Y. May 16, 2002); *Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000).

## *C. Analysis*

Here, although ATO's request for RAP4's entire OS Commerce database appears facially intrusive, the benefits of allowing ATO such direct access, under the circumstances of this case, outweigh the burden of producing it, particularly since a protective order is in place.

First, the OS Commerce database, and the information it contains, is highly relevant to the claims in this case. The information in the database about RAP4's sales—regardless of whether the system allows a reprint of the actual invoices—goes to ATO's recoverable damages as well as the damages RAP4 alleges that it will suffer from the injunctive relief ATO seeks. Morever, ATO argues that, once it has the database, it can determine whether, as it has reason to suspect, RAP4 is using hidden "metatags" referencing ATO's trademark "pepperball" to drive higher search engine results for that term. The higher ranking then works to draw ATO's

4

potential customers—indeed, customers who were actively searching for ATO's products—to RAP4's rival website. ATO's support for this theory—that its search for "pepperball" on RAP4's website produces unexpected results for items that are paintball (and not pepperball) related, such as non-projectile items—indicates that it is more than a mere fishing expedition. *See Mintel Int'l Grp. Ltd. v. Neerghen*, No. 08 CV 3939, 2008 WL 4936745, at *3 (N.D. Ill. Nov. 17, 2008) (refusing to compel a third party to provide a forensic image of defendant's computers when plaintiff failed to make any credible argument that there may be hidden information or other metadata that could only be discovered by imaging the computer).

Although Tran argues that RAP4's business processes are proprietary in nature and that, if information about its business practices got into the hands of a competitor like ATO, it could significantly harm RAP4's competitive advantage (Tran Decl. ¶ 10), neither RAP4 nor Tran provide *any* information about what those business processes generally are or any explanation about how the information contained in the database—much of which appears to have already been ordered produced or to be available on RAP4's website—constitutes a trade secret or how its disclosure would harm RAP4's competitive advantage. *See Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, No. 04 C 3109, 2006 WL 665005, at *3 (N.D. Ill. Mar. 8, 2006) (allowing plaintiff access to defendant's database when defendant did not suggest that the electronic media contained privileged or classified information). And RAP4's fear that ATO or its owners could use the database to their advantage is alleviated by limiting the database to "Attorneys' Eyes Only." RAP4's insistence that the database is "its most important asset" and that the vast majority of the product information in the database is irrelevant to the claims here does not change this analysis. *See Goshawki Dedicated Ltd. v. Am. Viatical Servs., LLC*, No.

5

1:05-CV-2343-RWS, 2007 WL 3492762, at *1 (N.D. Ga. Nov. 5, 2007) (ordering production of a database when it was highly relevant to the claims and defenses in the case despite defendant's assertions that it contained a significant amount of irrelevant data and that the database was its "single greatest asset").

### *D. Conclusion*

Accordingly, the motion to compel (Docket # 160) is GRANTED as to Request No. 1 of the Fourth Request for Production, and RAP4 is hereby ORDERED to produce a complete copy of its OS Commerce database on or before March 5, 2013, including all of the supporting files, subject to the "Attorneys' Eyes Only" provision of the protective order. Consequently, the motion to compel RAP4 to respond to Interrogatory No. 2, seeking identification of the add-ons RAP4 has installed for OS Commerce, and Request No. 11 of the Third Request for Production, the focus of which appears to be the invoices that ATO's counsel represents he can obtain from the database, are DENIED AS MOOT.

SO ORDERED.

Enter for this 25th day of February, 2013.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge