UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 1:12-cv-296 |
| REAL ACTION PAINTBALL, INC., et al., ) ) ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Court held a telephonic hearing (Docket # 266) on Defendant Real Action Paintball, Inc.'s ("RAP4's) Motion to Compel Production of Documents and Answers to Interrogatories filed on March 14, 2013 (Docket # 240), and RAP4's Motion to Compel Production of Documents Responsive to RAP4's Tenth RFPs filed on March 18, 2013 (Docket # 251). Plaintiff Advanced Tactical Ordnance Systems, LLC ("ATO") filed a consolidated response to both motions. (Docket # 262.) Argument on the motions was heard and concluded.

For the reasons stated on the record, the Court GRANTED IN PART and DENIED IN PART the motions to compel as follows:

1. DENIED RAP4's request that ATO be ordered to remove all security limitations it placed on PDF documents produced as ATO 92-819, to reproduce these documents, and to refrain from adding security restrictions to its future document productions.

2. GRANTED Interrogatory No. 16(a), which asks ATO to identify all trade secrets that it owns or alleges to have been misappropriated by any Defendant, and for each trade secret, state exactly what the trade secret is. RAP4 contends this

1

      information is relevant to ATO's trade secret misappropriation claim. This Court has already ordered ATO to produce its pepper formula and customer list. (Docket # 201, 221.)

3.     DENIED Document Request No. 99, which seeks ATO's emails with the search term "pepper." RAP4 claims these emails are relevant to whether the mark "pepperball" is generic for pepper balls. The burden and expense of this proposed discovery outweighs its likely benefit under Federal Rule of Civil Procedure 26(b)(2).

4.     DENIED AS MOOT Document Request No. 102, which seeks the documents ATO used to educate or train others in using irritant-filled projectiles. ATO has since adequately produced these documents.

5.     GRANTED Document Request No. 104, which seeks copies of each agreement ATO has with any person to keep confidential any trade secrets it claims to have.

6.     GRANTED Document Request No. 105, seeking all press kits of Pepperball, which ATO asserts it has already produced. ATO is ORDERED to execute an affidavit or declaration, signed by its executive officer, (1) stating that after diligent search there are no documents, data, or tangible things responsive to this request in its possession, custody, or control, other than those produced or previously produced; and (2) describing, *with particularity*, its efforts to locate documents, data, or tangible things responsive to the request, including *who* conducted the search and who that person or persons consulted with to conduct that search to ensure the veracity of their statements. *Traveler v. CSX Transp., Inc.*, No. 1:06-CV-56, 2007 WL 433530, at *2 (N.D. Ind. Feb. 6, 2007) (citations omitted).

7.     GRANTED Document Request No. 106, seeking communications between ATO and allegedly "confused" customers between August 1, 2012, and October 31, 2012, relevant to whether the persons were, in fact, confused and whether the emails were sent by the customers at ATO's request.

8.     GRANTED Document Request No. 109, seeking the Pepperball customer information that ATO alleges Defendants misappropriated, as relevant to ATO's trade secret misappropriation claim. The Court has already ordered ATO to produce its customer list. (Docket # 201, 221.)

9.     DENIED Document Request No. 110, seeking the native email files from computers or servers that ATO acquired from Pepperball for Conrad Sun, John Stiska, and Chris Lewis, which RAP4 asserts are relevant to ATO's claim of conspiracy to infringe and misappropriate assets. The burden and expense of this proposed discovery outweighs its likely benefit under Rule 26(b)(2), as the

request significantly exceeds the scope of ATO's claimed conspiracy arising in February 2012 between Sun and RAP4 and thus would require ATO to perform an overly burdensome review of perhaps thousands of extraneous emails. Moreover, the Court already ordered ATO to produce its emails after July 1, 2011, with the search term "Conrad." (Docket # 202.)

In addition, at the hearing the Court took the motion to compel with respect to Document Requests Nos. 101 and 103 UNDER ADVISEMENT. Having further considered the matter, the Court now:

10. GRANTS the motion with respect to Document Request No. 101, which seeks a copy of each document that identifies any nature, characteristics, or qualities of any irritant-filled projectile offered by ATO or Pepperball. This information is relevant, and ATO produced all of the responsive documents it had, objecting only to the extent the request seeks confidential and proprietary information. But ATO's objection is not valid; there is a protective order in place among the parties.

11. GRANTS the motion with respect to Document Request No. 103, which seeks a copy of each document having any technical specification, production standard, or quality-control description for any irritant-filled projectile manufactured or offered by ATO or Pepperball. This information is relevant, and ATO's objection based on "RAP4's counsel's history of willful violation of protective orders" is not a valid objection. ATO is further ORDERED to execute an affidavit or declaration, signed by its executive officer, (1) stating that after diligent search there are no documents, data, or tangible things responsive to the request in its possession, custody, or control, other than those produced or previously produced; and (2) describing, *with particularity*, its efforts to locate documents, data, or tangible things responsive to the request, including *who* conducted the search and who that person or persons consulted with to conduct that search to ensure the veracity of their statements. *Traveler*, 2007 WL 433530, at *2.

In summary, RAP4's Motion to Compel Production of Documents and Answers to Interrogatories (Docket # 240) and Motion to Compel Production of Documents Responsive to RAP4's Tenth RFPs (Docket # 251) are each GRANTED IN PART and DENIED IN PART. ATO shall produce, subject to the terms of the protective order, the documents and affidavits

3

ordered herein on or before April 4, 2013.

    SO ORDERED.

    Entered this 29th day of March, 2013.

                                                    S/ Roger B. Cosbey
                                                  Roger B. Cosbey,
                                                  United States Magistrate Judge