IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, *an Indiana Limited Liability Company d/b/a PepperBall Technologies*, | ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Cause No. 1:12-CV-296 |
| REAL ACTION PAINTBALL, INC., *a California Corporation*, and K.T. TRAN, *individually*, | ) ) ) ) ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Advanced Tactical Ordnance Systems, LLC's ("ATO") Motion for Extension of Time (Docket # 328), requesting additional time to respond to Defendants Real Action Paintball, Inc., and KT Tran's (collectively, "RAP4") Motion for Order to Show Cause Why Plaintiff Should Not be Held in Contempt of Court and for Sanctions (Docket # 312). RAP4 opposed the motion (Docket # 329), and ATO replied (Docket # 330).

For the following reasons, ATO's motion for an extension of time will be DENIED.

*A. Factual and Procedural Background*

On June 21, 2013, RAP4 filed a motion for sanctions against ATO. (Docket # 312.) Before ATO responded, RAP4 requested an extension for its reply because its counsel was going to be out of the country until July 18, 2013—the same day RAP4's reply to the sanctions motion would be due if ATO took the full time to respond. (Docket # 319.) The Court granted RAP4's motion, affording ATO to and including July 18, 2013, to file its response and RAP4 to and

1

including July 29, 2013, to file its reply.  (Docket # 320.)

Two days before its response was due, on July 16, 2013, ATO moved for an extension of time to respond, asking that the Court either extend its response deadline to August 12, 2013, or stay the briefing on this motion until after the settlement conference on August 1, 2013.  (Docket # 328.)  ATO argues that it will incur substantial legal expenses to respond to the motion, making settlement less likely, and that RAP4's discovery responses, which are due on July 23, 2013, would be relevant to its response.  (Docket # 328 at ¶¶ 1-2, 4.)

RAP objects to the motion, contending that ATO did not comply with Local Rule 6-1(a)(3)(B), that responding to the sanctions motion should take little time because it merely duplicates the motion previously filed and withdrawn by former defendant Conrad Sun, which ATO already responded to, and that ATO does not explain how the discovery responses would be relevant to its response.  (Docket # 329 at 1-2.)

In reply, ATO disputes that RAP4's sanctions motion only duplicates Sun's prior motion, argues that the discovery responses are relevant to the appropriateness of any sanctions imposed against it, and that the issue of sanctions was supposed to be raised in RAP4's response to the preliminary injunction motion, not a separate motion.  (Docket # 330 at 2-3.)

### B.  Applicable Law

Under Federal Rule of Civil Procedure 6(b)(1)(A), ATO must show "good cause" for the requested extension of time.  *See Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("A motion filed before the deadline may be granted 'for good cause,'. . . ." (quoting FED. R. CIV. P. 6(b)(1)(A)).  The good cause standard focuses on the diligence of the party seeking the extension.  *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v.*

*Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

### C.  Analysis

Here, ATO attempts to show good cause by arguing that it would incur substantial expenses in preparing its response, making settlement less likely, and that RAP4's responses to its discovery requests—due after the current response deadline—are relevant to its response.

As to the former reason, regardless of whether RAP4's pending sanctions motion duplicates Sun's previous one, RAP4's motion is not particularly extensive, spanning only ten pages, with just seven pages of exhibits attached.  (*See* Docket # 312.)  Accordingly, it is hard to see how responding to this relatively succinct motion would incur an inordinate expense.  And ATO provides no explanation of how responding to this ten-page motion would be so costly. Nor does ATO represent that the additional expense would prevent it from meeting the current deadline—the standard for establishing good cause.  *See Smith*, 1997 WL 662506, at *1.

Furthermore, ATO's response deadline was previously extended, giving it additional time to prepare its response.  ATO, however, wants a further extension so that it can receive discovery responses it claims would be relevant to its response.  When pressed for an explanation of how this discovery would be relevant, ATO stated that five of the seven requests for production are relevant because the appropriateness of sanctions against it for non-production should be measured against RAP4's willful factual misrepresentations.  This argument is tenuous at best, especially considering the vast amount of discovery that has already been exchanged in this case and that ATO requested an extension until August 12, 2013, well beyond when the discovery

responses are due.  Furthermore, this argument does not explain why, despite its diligence, ATO could not meet the current response deadline, which already included an extension, with the information and documents it already had.  *Smith*, 1997 WL 662506, at *1.

Finally, as RAP4 points out, ATO's motion does not "describe the requesting party's efforts to get opposing attorneys to agree to the extension if there is an objection" as provided by Local Rule 6-1(a)(3)(B).  ATO does not dispute this point, but argues that it was hypocritical for RAP4 to complain that ATO did not comply with this rule while its own counsel purportedly failed to complete a Local Rule 37-1 conference.  But one party's alleged failure to comply with the Local Rules does not relieve another party of its obligation to follow them.

### D.  Conclusion

For the foregoing reasons, ATO's Motion for an Extension of Time (Docket # 328) is DENIED.  Since the response deadline is today, however, ATO is afforded to and including July 23, 2013, to file its response.  RAP4's reply deadline is extended accordingly, to and including August 2, 2013.

SO ORDERED.

Enter for this 18th day of July, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge