UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, an Indiana limited liability company, (d/b/a PepperBall Technologies), | ) ) ) ) | 1:12-CV-296 JVB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| REAL ACTION PAINTBALL, INC., and K.T. TRAN, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff, Advanced Tactical Ordnance Systems, LLC, ("ATO") sued Real Action Paintball, Inc. ("RAP"), and K.T. Tran (and others who have now been dismissed) in the Northern District of Indiana alleging trademark infringement and various state law violations. In August 2014, the Court of Appeals for the Seventh Circuit dismissed Plaintiff's case for lack of personal jurisdiction. Plaintiff then re-filed its case in the Northern District of California. The Court now addresses several motions related to the dismissal and re-filing of this case.

**A. Defendant's Motion for Transfer of Preliminary Injunction Security**

Defendant first argues that the $10,000 cash security being held by the clerk of the Northern District of Indiana should be transferred to the Northern District of California. Neither party has cited case law in arguing why the Court should or should not grant Defendant's motion, but instead argue judicial economy. But as the clerk for the Northern District of California where this case is now pending has rejected Defendant's motion to accept the bond, the issue is moot, and the Court denies Defendant's motion to transfer the $10,000 security.

1

### B. Defendant's Motion to Seal

Defendants argue in favor of sealing and redacting two lines of Plaintiff's Memorandum in Support of Second Amended Motion for a Preliminary Injunction. (DE 324). The two lines in question pertain to Plaintiff's sales of irritant powder projectiles over a six-year period.

"Documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir.2010). The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties. *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir.2002). The presumption can be rebutted. A litigant is allowed, for example, to conceal trade secrets. *See, e.g., Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004). And the presumption of public access "applies only to the materials that formed the basis of the parties' dispute and the district court's resolution"; other materials that may have crept into the record are not subject to the presumption. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d at 548 (7th Cir. 2002).

Secrecy is fine at the discovery stage, before the material enters the judicial record. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. *See, e.g., Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir.1994). A secrecy agreement alone does not warrant maintaining documents under seal. *Baxter Int'l, Inc. v. Abbot Labs.,* 297 F.3d 544 (7th Cir. 2002).

In determining whether the information Plaintiffs seek to shield is a trade secret or a proprietary business interest entitled to protection under Rule 26(c)(7), the Court looks to the Indiana Uniform Trade Secret Act (IUTSA) for guidance. The IUTSA defines a "trade secret" as:

> "information, including a formula, pattern, compilation, program, device, method, technique, or process that:
> (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

*Burk v. Heritage Food Service Equipment, Inc*., 737 N.E.2d 803, 813 (Ind. Ct. App. 2000), citing Ind. Code § 24–2–3–2. Thus, in Indiana, a "protectable trade secret" has four characteristics: "(1) information; (2) which derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) the subject of efforts reasonable under the circumstances to maintain its secrecy." *Ackerman v. Kimball Int'l, Inc*., 634 N.E.2d 778, 783 (Ind.Ct.App.1994), vacated in part, adopted in part, 652 N.E.2d 507 (Ind.1995).

As the Supreme Court held in *Grove Fresh*, dispositive documents in any litigation enter the public record notwithstanding any earlier secrecy agreement made to expedite discovery. Much of Defendant's argument hinges on the discovery agreement between the two parties, the type of agreement treated unfavorably by the court in *Baxter*.

But ultimately the court must determine whether this information is a protectable trade secret under the four part test articulated in *Ackerman*. While the Declaration of KT Tran (DE 423-1) attests to the independent value of this information, the court finds his declaration unpersuasive given the text of the information Defendant seek to have redacted. Tran speaks in

definitive terms, and claims that based on the information Defendant seeks to seal, a competitor could assess the size of Real Action's sales and outbid it. However, the information Defendant seeks to seal is not even a complete assessment of Real Action's Sales. Plaintiff even notes in the portion of Footnote 34 that Defendant seeks to strike that its assessment of Defendant's gross sales is a guess and that could be a "substantial overstatement." An estimate of another party's sales, even if based on information that is not publically available does not rise to the level of information which derives independent economic value, nor has Defendant shown that this information is not readily ascertainable. For these reasons, the Court denies Defendants' Motion to Seal.

**C. Defendant's Bill of Costs**

The Court next considers Plaintiff's objections to Defendant's Bill of Costs, which totals $4,645.92. (DE 414). A Mandate of the Seventh Circuit awarded Defendants costs in the amount of $1,289.77, but Defendant claims it is now entitled to additional costs for copies and service of summons.

Plaintiff argues that: 1) Defendant's Bill of Costs is not timely, 2) Defendants were not the prevailing party and thus not entitled to recover costs, and 3) if the Defendants are to be considered the prevailing party, they are not entitled to costs for transcripts, copies and subpoenas.

As Defendant illustrated in its Reply in Support of Bill of Costs, it filed the Bill of Costs eight days after the Court of Appeals for the Seventh Circuit entered its final judgment, well within 14 day limit imposed by Northern District of Indiana Local Rule 54-1. (DE 410, 419). The Court thus finds Plaintiff's argument on this point to be without merit.

The Seventh Circuit has not yet addressed the issue of whether a party that prevails on a motion to dismiss for lack of personal jurisdiction is a "prevailing party" for the purpose of collecting costs under *Buckhannon*. However, Plaintiff has directed the Court to several cases within the Seventh Circuit where courts have held that a party that prevails on such a motion is not entitled to recover costs.

The Supreme Court has held "prevailing party" is a legal term of art generally defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quotation omitted). A party need not prevail on all issues, but it must succeed on a significant issue that is fundamental to the case and establish its entitlement to relief on the merits of its claims. *Id*. When it rejected the government's "catalyst theory," or the idea that any change in the relationship between two parties spurred by litigation created a prevailing party in *Buckhannon*, the Supreme Court explained:

> Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the "complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted." Brief for United States as Amicus Curiae 27. This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary. Indeed, we held in Hewitt that an interlocutory ruling that reverses a dismissal for failure to state a claim "is not the stuff of which legal victories are made." 482 U.S., at 760, 107 S.Ct. 2672. *See also Hanrahan*, *supra*, at 754, 100 S.Ct. 1987.

*Id.* at 605.

As the United States District Court for the Southern District of Indiana recently noted when ruling on a similar issue, "In granting [Defendant]'s motion to dismiss, we did not rule on the merits of [Plaintiff]'s claims, we ruled only that we did not have personal jurisdiction over [Defendant] to consider those claims here. Our ruling did not change the legal relationship of the

parties. Our ruling was only that the parties could not litigate their dispute in this Court." *Draper v. MechoShade Sys*, Inc. 2013 WL 5487285.

The Court is persuaded that the ruling of the Seventh Circuit to dismiss the instant case for lack of personal jurisdiction did not alter the legal relationship between the parties or bestow upon Defendant the status of "prevailing party" for the purposes of awarding costs. While not directly addressing the issue at hand, the Court in *Buckhannon* strongly indicated that prevailing on a motion to dismiss does not entitle that party to costs. It is thus unnecessary to address Plaintiff's other arguments regarding the Bill of Costs.

The instant case has one key difference from *Draper*, however. As Plaintiff correctly points out, the Mandate of the Seventh Circuit awarded Defendants costs in the amount of $1,289.77, which the Court will not disturb.

For the reasons stated above, Plaintiff's objections to Defendant's Bill of Costs are sustained in part and overruled in part. Plaintiff is to pay Defendant's Bill of Costs in the amount of $1,289.77.

**D. Conclusion**

For the reasons stated above, the Court---

1. Denies Defendant's Motion for Transfer of Preliminary Injunction Security (DE 415);
2. Denies Defendant's Motion to Seal (DE 423);
3. Grants Defendant's Bill of Costs in part and denies Defendant's Bill of Costs in part (DE 414, 418).

SO ORDERED on April 17, 2015.

/s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE