UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, an Indiana limited liability company, (d/b/a PepperBall Technologies), | ) ) ) ) | 1:12-CV-296 JVB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| REAL ACTION PAINTBALL, INC., and K.T. TRAN, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Defendant Real Action Paintball Inc. ("RAP4") moves for reconsideration of this Court's ruling that denied its motion to transfer $10,000 bond to the Northern District of California and its motion to seal a portion of Plaintiff's Memorandum in Support of Second Amended Motion for a Preliminary injunction.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In his motion to reconsider, RAP4 argues that the Court wrongly denied its motion to transfer the $10,000 to the Northern District of California because it incorrectly believed that the California court rejected RAP4's motion to accept the bond. According to RAP4, the district court in California intended to do just the opposite. Whatever the case, with its response to the motion, Plaintiff submitted a copy of California court's order denying RAP4's motion to accept the bond from this Court. (*See* DE 435-1.) Accordingly, the Court denies RAP4's motion to reconsider on this issue.

In turn, the Court grants Plaintiff's motion to release the bond in this case. While the Court erred in accepting personal jurisdiction over Defendants, the Court is not convinced that they sustained any damages as a result of the injunction against them. In fact, a similar injunction has subsequently been issued against Defendants in the Northern District of California. As any further proceedings in this case would be futile, the bond money may be returned to Plaintiff.

While denying RAP4's request regarding the bond, the Court will reconsider its request to seal Plaintiff's Memorandum in Support of its Motion to Preliminary Injunction, but only to avoid undermining the California Court's order finding that the same information should be sealed.

In summary, the Court grants in part and denies in part RAP4's motion to reconsider (DE 430). The Court grants Plaintiff's motion to release bond (DE 428). The Clerk is ordered to seal docket entry 324.

SO ORDERED on September 11, 2015.

/s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE